IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:24-MC-00062-KDB-DCK

| | |
|---|---|
| KOMPAN INC. AND KOMPAN A/S , | |
| **Plaintiffs,** | |
| v. | **ORDER** |
| CUNNINGHAM ASSOCIATES, INC.,| |
| **Defendant.** | |

**THIS MATTER** is before the Court on Plaintiffs Kompan A/S and Kompan Inc.'s (collectively, "Kompan") Motion to Compel Non-Party Cunningham Associates, Inc. to Comply with Properly Served Subpoena (Doc. No. 1). The Court has carefully considered this motion and the parties' briefs and exhibits. For the reasons discussed below, the Court will **TRANSFER** the motion to the Western District of Texas, for consideration in the related action before that court, *Kompan A/S and Kompan, Inc. v. Gametime et al.*, 1:21-CV-877-JRN, and **DISMISS** this case.

## I.     LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs subpoenas issued to nonparties. Fed. R. Civ. P. 45; *see also* Fed. R. Civ. P. 34(c) ("As provided in Rule 45, a nonparty may be compelled to produce documents and tangible things or permit an inspection."). The underlying subpoena must be issued by the court where the underlying action is pending, but a motion to compel or a challenge to a subpoena "to a nonparty must be made in the court where the discovery is or will be taken." Fed. R. Civ. P. 45(a)(2); 37(a)(2). However, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if

1

the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f).

## II.        FACTS AND PROCEDURAL HISTORY

This action arises out of a copyright-infringement lawsuit filed in the Western District of Texas (the "Texas Litigation") regarding the alleged infringement of playground equipment. *See Kompan A/S and Kompan, Inc. v. Gametime et al.*, 1:21-CV-877-JRN (W.D. Tex.). As part of discovery in the Texas Litigation, Plaintiff Kompan, sought discovery from numerous third parties who conducted business with the Defendants. It served subpoenas on these third parties, including the Defendant in this case, Cunningham Associates, Inc. ("Cunningham"). *See* Doc. No. 2 at 3. The subpoena at issue in this case was served on March 13, 2024. *Id.* Cunningham timely served its objections on March 22, 2024. *See* Doc. No. 2-4. Neither party represents that those objections have been ruled on. Discovery in the Texas Litigation closed on May 7, 2024. On May 10, 2024, Kompan filed the instant motion requesting that this Court enforce the subpoena against Cunningham. *See* Doc. No. 1. Plaintiff provides no explanation as to why it filed this Motion after the close of discovery.[1]

## III.        DISCUSSION

This case features several exceptional circumstances warranting transfer to the Western District of Texas. First, "transfer would prevent disrupting the issuing court's management of the underlying litigation." *In re Bayer Cropscience*, No. 5:16-MC-10-RJ, 2016 WL 7429201, at *3 (E.D.N.C. June 14, 2016) (citing Fed. R. Civ. P. 45(f) advisory committee's note to 2013

---

[1] The parties disagree whether Plaintiff's motion is untimely under the local rules of the Western District of Texas. However, the Court need not decide that issue (which is best addressed by the Texas court) because it will transfer the motion to that court for its consideration.

amendment). The Texas court has yet to resolve Cunningham's objections to this subpoena. Were this Court to step in and address this motion on the merits, it would only disrupt that process.

Second, the number and breadth of non-party subpoenas filed warrants transfer. Kompan has requested discovery from 50 nonparties and following the close of discovery filed at least nine similar motions to compel in nine different districts. *See* Doc. No. 7 at 12. "The chance for divergent rulings is almost guaranteed." *Kompan A/S v. Kraftsman Equip., L.P.*, No. CV 4:24-MC-814, 2024 WL 3012507, at *2 (S.D. Tex. June 14, 2024). Resolving this motion on the merits would undercut goals of judicial economy, efficient case management, and the administration of justice. *See Grupo Petrotemex, S.A. de C.V. v. Polymetrix AG*, No. 3:19-MC-185-FDW-DCK, 2019 WL 7000080, at *2 (W.D.N.C. Dec. 20, 2019) (noting that these policy goals were best served by transfer to the issuing court).

Third, this Court has reviewed the docket for the Texas Litigation, and there is a pending motion to compel that involves overlapping discovery requests. *See Kompan A/S and Kompan, Inc. v. GameTime et al*, 1:21-CV-877-JRN (Doc. No. 89). In that motion, Kompan asks the Court to direct the defendants to produce a plethora of evidence, including any evidence of its revenue from the sale of the allegedly infringed products and distributor agreements. *Id.* at 3. In the subpoena served on Cunningham, Kompan asks for "original and final sales invoices, purchase orders, bills of lading, and payment documents" in addition to "agreements between [Cunningham] and Defendants related to the sale and/or distribution of the" contested product. Doc. No. 2-1 at 14. This significant overlap between the two motions to compel further leads the Court to conclude that exceptional circumstances support transferring the motion to the issuing Court.

## IV.    ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff Kompan's Motion to Compel Non-Party Cunningham Associates, Inc. to Comply with Properly Served Subpoena (Doc. No. 1) is **TRANSFERRED** to the related case in the Western District of Texas, *Kompan A/S and Kompan, Inc. v. Gametime et al.*, 1:21-CV-877-JRN**;** and

2. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: June 24, 2024

Kenneth D. Bell
United States District Judge